UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PETER SCHWARTZ and JULIE RATHBONE,<br><br>        Plaintiffs,<br><br>   v.<br><br>INDYMAC FEDERAL BANK; FIRST MAGNUS FINANCIAL CORPORATION; QUALITY LOAN SERVICE CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the IndyMac IMSC Mortgage Loan Trust 2007-F1, Mortgage Pass-through Certificates, Series 2007-F1 under the Pooling and Servicing Agreement Dated May 1, 2007 by Onewest Bank FSB as its Attorney in Fact; CHARTER FUNDING; JAMES SHERGILL; FEDERAL DEPOSIT INSURANCE CORPORATION, as Reciever for Indymac Federal Bank; and DOES 1-20, inclusive,<br><br>        Defendants.<br>_____/ | NO. 2:10-cv-00516-WBS-JFM<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiffs Peter Schwartz and Julie Rathbone filed this

1

action against defendants IndyMac Federal Bank ("IndyMac"), First Magnus Financial Corporation ("First Magnus"), Quality Loan Service Corporation ("Quality Loan"), Deutsche Bank National Trust Company ("Deutsche"), Charter Funding ("Charter"), and James Shergill, alleging various state relating to loans they obtained to purchase their home located at 2030 Hardwick Way in Roseville, California.  Defendant Deutsche now moves to dismiss plaintiffs' claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.   Factual and Procedural Background

Plaintiffs allege that on April 28, 2006, defendant Shergill, a loan officer for defendant Charter, offered plaintiffs a residential mortgage loan. (Compl. ¶ 38.)  Shergill allegedly told plaintiffs that he could get them the "best deal" and the "best interest rates" available on the market. (Id. ¶¶ 38-39.)  He allegedly informed plaintiffs that he could get them a fixed rate loan for thirty years, but actually sold plaintiffs "a loan with an adjustable rate rider that would negatively amortize with large balloon payments." (Id. ¶ 40.)  Plaintiffs aver that although they accurately described their income to Shergill, he nevertheless over stated plaintiffs' income on their loan application. (Id. ¶¶ 40-41.)  Plaintiffs also state that Shergill told them that if the loan ever became unaffordable, he would refinance it into an affordable loan. (Id. ¶ 43.)

On May 12, 2006, plaintiffs completed the loan for the subject property. (Id. ¶ 46.)  The terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of

2

1  Trust on the Property. (<u>Id.</u>)  The Deed of Trust identified
2  Fidelity National Title Company as Trustee and defendant First
3  Magnus as Lender. (<u>Id.</u>)  Mortgage Electronic Registration
4  Systems, Inc. ("MERS") was listed "as nominee for the Lender and
5  Lender's successors and assigns, and the beneficiary." (<u>Id.</u> ¶
6  47.)  Plaintiffs allege that Citibank and IndyMac at some point
7  acquired unspecified interests in the loan. (<u>Id.</u> ¶ 48.)

8        Plaintiffs defaulted on their loan, and as a
9  consequence, on June 2, 2009, a Notice of Default was filed in
10 Placer County, California, by Quality Loan.  On or about
11 September 3, 2009, Quality Loan noticed the Trustee Sale of the
12 Property.  Plaintiffs filed this action against defendants in
13 Placer County Superior Court on December 18, 2009. (Docket No.
14 2.)  The action was removed to this court on March 3, 2010 due to
15 the presence of a federal government defendant after the Federal
16 Deposit Insurance Corporation was added as a party. (<u>Id.</u>)
17 Before the court is defendant Deutsche's motion to dismiss
18 plaintiffs' complaint. (Docket No. 15.)  Plaintiffs did not file
19 an opposition to the motion, nor did they file a statement of
20 non-opposition in accordance with Local Rule 230(c).

21 II.  <u>Discussion</u>

22       On a motion to dismiss, the court must accept the
23 allegations in the complaint as true and draw all reasonable
24 inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416
25 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v.</u>
26 <u>Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322
27 (1972).  To survive a motion to dismiss, a plaintiff needs to
28 plead "only enough facts to state a claim to relief that is

3

plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 544, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 566 U.S. ---, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

    A.   Fraud

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008). Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). The plaintiffs must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). "[W]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Ricon v. Recontrust Co., No. 09-937, 2009 U.S. Dist. LEXIS 67807 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d

1  1242, 1247 (2d Cir. 1987)).

2       Plaintiffs aver that Shergill, Charter, first Magnus
3  and Indymac made false representations to them.  (Compl. ¶¶ 63,
4  68.)  However, plaintiffs do not plead any specific
5  representations made by Deutsche to them, nor do they even allege
6  that they have ever communicated with Deutsche.  The only
7  allegations that plaintiffs make that involve Deutsche are that
8  Deutsche was appointed Trustee of the IndyMac IMSC Mortgage Loan
9  Trust, (Id. ¶ 25), and that Deutsche failed "to observe the
10 applicable legal requirements for the transfer of a negotiable
11 instrument[] and interest[] in real property."  (Id. ¶ 29.)
12 These allegations do not indicate what misrepresentations were
13 made by Deutsche, who made misrepresentations, or why they were
14 false.  Such allegations fail to meet the requirements of Rule 8,
15 let along the heightened pleading standards of Rule 9.
16 Accordingly, Deutsche's motion to dismiss plaintiffs' fraud claim
17 will be granted.

18      B.   Negligence

19      To prove a cause of action for negligence, plaintiffs
20 must show "(1) a legal duty to use reasonable care; (2) breach of
21 that duty, and (3) proximate [or legal] cause between the breach
22 and (4) the plaintiff[s'] injur[ies]."  Mendoza v. City of Los
23 Angeles, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted).
24 "The existence of a legal duty to use reasonable care in a
25 particular factual situation is a question of law for the court
26 to decide."  Vasquez v. Residential Invs., Inc., 118 Cal. App.
27 4th 269, 278 (2004).

28      While plaintiffs aver that defendants Shergill,

5

Charter, First Magnus, and IndyMac owed them a duty of care, they have not plead that defendant Deutsche owed them any duty. Plaintiffs state that Deutsche is Trustee of the IndyMac IMSC Mortgage Loan Trust. (Compl. ¶ 25.) "There is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of the sale beyond those specified in the deed." I.E. Associates v. Safeco Title Ins. Co., 39 Cal.3d 281, 288 (1985). Plaintiffs have failed to specify any provision in deed of trust that creates a duty that Deutsche has allegedly violated.

Plaintiffs have also not adequately plead a causal relationship between a breach of duty by Deutsche and a resulting injury to themselves, nor have they even alleged injury. Their claim that the harm that "plaintiffs [suffered] is directly resulted to the defendants' conduct" and that "as a result of defendants' negligence, plaintiffs suffered and continue to suffer harm" is exactly the type of conclusory statement that fails the pleading standard under Iqbal. (Compl. ¶¶ 128-29.) Plaintiffs' negligence claim against Deutsche will therefore be dismissed.

    C.    Wrongful Foreclosure

Plaintiffs' Complaint purports to state a claim for "wrongful foreclosure" against Deutsche. Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1009 (1996); Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971). Plaintiffs attempt to base this claim first on California Commercial Code section 3301, alleging

6

that Deutsche is not a beneficiary, assignee or employee of the entity in possession of the note, and is therefore not a "person entitled to enforce" the security interest on the property in accordance with section 3301. (Compl. ¶ 156.) However, section 3301 reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures, which are governed by California Civil Code section 2924. See Gaitan v. Mortg. Elec. Registration Sys., No. 09-1009, 2009 U.S. Dist. LEXIS 97117 (C.D. Cal. Oct. 5, 2009). "The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive." Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994).

Plaintiffs' claim that Deutsche was not entitled to "utilize California Civil Code § 2924" to initiate nonjudicial foreclosure proceedings is patently false. (Compl. ¶ 157). Plaintiffs' have plead that Deutsche was a trustee of their loan, who would clearly have been authorized to initiate foreclosure proceedings under California law. See Cal. Civ. Code § 2924(a)(1) (authorizing "the trustee, mortgagee, or beneficiary [of an interest in real property], or any of their authorized agents," to initiate non-judicial foreclosure proceedings in the event of default).

Plaintiffs also base their wrongful foreclosure action on California Civil Code section 2923.5, arguing that "[d]efendants failed to give proper notice of the Notice of Default" on their property. (Compl. ¶ 159.) The Complaint does not indicate whether Deutsche in particular failed to properly give notice, and simply makes a general allegation as to all

7

defendants.  This general allegation gives Deutsche insufficient notice of whether its conduct violated section 2923.5, and Deutsche should not be forced to guess whether it is individually liable for this claim.  See <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (1988).  Plaintiffs have failed to state a claim upon which relief can be granted and the court will accordingly grant Deutsche's motion to dismiss plaintiffs' wrongful foreclosure cause of action.

   D. <u>California's Unfair Competition Law</u>

    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice." <u>Cal-Tech Communic'ns, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." <u>Id.</u> (citation omitted).  This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." <u>Khoury v. Maly's of Cal., Inc.</u>, 14 Cal. App. 4th 612, 619 (1993).  A plaintiff's claim will fail if it identifies "no particular section of the [§ 17200] statutory scheme which was violated and fails to describe with any reasonable particularity the facts supporting violation." <u>Id.</u> at 619.

    Plaintiffs' claims under the UCL are vague and conclusory, simply alleging that "Defendant Deutsche's

negligence, fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq." (Complaint ¶ 148.) The court has already indicated it will dismiss plaintiffs' other causes of action for fraud, negligence, and wrongful foreclosure for failure to state a claim. Since plaintiffs have failed to state a claim on any of these other grounds, and since they appear to be the sole basis for plaintiffs' UCL claim, plaintiffs by necessity have failed to state a claim against Deutsche under the UCL. Accordingly, Deutsche's motion to dismiss plaintiffs' UCL cause of action will be granted.

    E.    <u>Sanctions</u>

If plaintiff's attorney, Sharon Lapin, could not draft a complaint that contained a single claim against Deutsche upon which relief could be granted, she could have at least complied with Local Rule 230(c) and told the court she had no opposition to the granting of defendant's motion. Instead, as she has repeatedly done before[1], she ignored the local rule and did nothing in response to the motion to dismiss the complaint. Despite Ms. Lapin's promises to the court that she would take the

---

[1] This is not the first time Ms. Lapin has failed to comply with Local Rule 78-230(c). See <u>Inquez v. Bank of Am.</u>, No. 09-02903, 2010 U.S. Dist. LEXIS 18342, at *2 (E.D. Cal. Feb. 26, 2010); <u>Reyes v. IndyMac Fed. Bank</u>, No. 09-033822010, 2010 U.S. Dist. LEXIS 18199, at *2 (E.D. Cal. Feb. 25, 2010); <u>Mejia v. Countrywide Home Loans</u>, No. 09-2346, 2010 U.S. Dist. LEXIS 23436, at *2 (E.D. Cal. Feb. 25, 2010); <u>Peay v. Midland Mortgage Co.</u>, No. 09-2228 WBS KJM, 2010 WL 476677, at *6 (E.D. Cal. Feb. 3, 2010); <u>Saldate v. Wilshire Credit Corp.</u>, 686 F. Supp. 2d 1051, 1056 (E.D. Cal. 2010). Such repeated disregard for the Local Rules should not go unsanctioned.

9

necessary steps to avoid these problems in the future, her promises have been empty.  Counsel's failure to comply with Local Rule 230(c) and timely file any response to Deutsche's motion to dismiss is inexcusable, and has inconvenienced the court by forcing it to nevertheless examine the motion on the merits.

Local Rule 110 authorizes the court to impose sanctions for "[f]ailure of counsel or of a party to comply with these Rules."  Because the court's previous sanctions in the amounts of $150.00, $200.00, and $250.00 were obviously insufficient to induce Ms. Lapin to comply with the Local Rules, it is unfortunately necessary to impose sanctions in a greater sum this time.

IT IS THEREFORE ORDERED that Deutsche's motion to dismiss the claims against it be, and the same hereby is, GRANTED;

AND IT IS FURTHER ORDERED that within ten days from the date of this Order plaintiffs' counsel, Sharon L. Lapin, shall either pay to the court sanctions in the sum of $500.00, or shall show good cause why such sanctions should not be imposed, for her failure to comply with the Local Rules.

DATED:  July 26, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE