UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PETER SCHWARTZ AND JULIE RATHBONE,<br><br>     Plaintiffs,<br><br>     v.<br><br>INDYMAC FEDERAL BANK; FIRST MAGNUS FINANCIAL CORPORATION; QUALITY LOAN SERVICE CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC IMSC MORTGAGE LOAN TRUST 2007-F1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-F1 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY 1, 2007 BY ONEWEST BANK FSB AS ATTORNEY IN FACT; CHARTER FUNDING; JAMES SHERGILL; and DOES 1-20 inclusive,<br><br>     Defendants.<br>_____/<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee<br><br>     Plaintiff,<br><br>     v. | NO. 2:10-cv-00516 WBS JFM<br><br><u>ORDER REMANDING ACTION AND IMPOSING SANCTIONS</u> |

1

```
JULIE RATHBONE, PETER
SCHWARTZ; and DOES 1 through
100, inclusive

        Defendant.
_____/
```

----oo0oo----

Plaintiffs Peter Schwartz and Julie Rathbone filed this action against defendants IndyMac Federal Bank ("IndyMac"), First Magnus Financial Corporation, Quality Loan Service Corporation, Deutsche Bank National Trust Company ("Deutsche"), Charter Funding, and James Shergill, alleging various state law claims relating to a loan they obtained to purchase their home. Deutsche now moves to remand its unlawful detainer action against plaintiffs, which is consolidated with plaintiffs' action.

I.   Factual and Procedural Background

On December 18, 2009, plaintiffs filed an action in the Superior Court of California for Placer County against Deutsche and other defendants in connection with a loan made to plaintiffs for the residential property located at 2030 Hardwick Way in Roseville, California. (Docket No. 2.) On January 8, 2010, Deutsche filed an unlawful detainer action in the same court against plaintiffs. (Murray Decl. in Supp. of Mot. to Remand ("Murray Decl.") Ex. 1 (Docket No. 25).) The two actions were consolidated by the Superior Court on February 11, 2010. (Id. ¶ 5.) The case was then removed to federal court by the Federal Deposit Insurance Corporation ("FDIC") as Receiver for IndyMac (id. ¶ 6) on the basis that civil suits involving the FDIC are deemed to arise under the laws of the United States. See 12 U.S.C. § 1819(b)(2)(A). The FDIC only provided plaintiffs'

2

pleadings in its Notice of Removal, and failed to inform the court or the parties of the consolidated unlawful detainer action.  (Murray Decl. ¶ 6.)  The FDIC has since been dismissed as a party.  (Docket No. 24.)

On July 27, 2010, the court granted Deutsche's motion to dismiss the claims against it.  (Docket No. 18.)  Deutsche has since become aware of the fact that its unlawful detainer action was consolidated with those claims before removal to federal court, and now moves to remand the unlawful detainer action to state court on the ground that this court does not have subject matter jurisdiction over it.  (Docket No. 25.)  Because Deutsche's arguments are applicable to all of the claims in the case, the court will also consider sua sponte whether to remand the entire action.

II.  Discussion

    A.  Motion to Remand

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as actions in which there is complete diversity between the parties.  28 U.S.C. § 1332.  "The federal courts are under an independent obligation to examine their own jurisdiction." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

This action was removed from state court by the FDIC on the ground that all suits in which the FDIC is a party are

"deemed to arise under the laws of the United States."  12 U.S.C. § 1819(b)(2)(A).  Diversity jurisdiction is not alleged, and both the unlawful detainer action and the action brought by Schwartz and Rathbone consist only of state law claims.  (See Murray Decl. Ex. 1; Notice of Removal Ex. 1 (Docket No. 2).)  The FDIC was voluntarily dismissed with prejudice from this case on September 20, 2010.  (Docket No. 24.)  Thus, no ground for original subject matter jurisdiction over the case remains.[1]

Federal courts also have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, a district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to

---

[1] There is a split among the circuits to have considered this issue.  The Second and Fifth Circuits have held that 12 U.S.C. § 1819 (and a similar statute, 12 U.S.C. 1441a(*l*)(1), applying to the Resolution Trust Company ("RTC")) continues to provide federal jurisdiction even after the FDIC has been dismissed from a case.  See Adair v. Lease Partners, Inc., 587 F.3d 238, 242 (5th Cir. 2009); F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 100-01 (2d Cir. 1999).  The Third Circuit has held that original federal jurisdiction ceases with the dismissal of the RTC, leaving only supplemental jurisdiction.  New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1494-95 (3d Cir. 1996).  The Ninth Circuit has not considered the issue, but district courts within the Ninth Circuit have followed the supplemental jurisdiction approach.  See, e.g., Vivo v. IndyMac Bank, FSB, No. CV 09-2555, 2009 WL 1635135, at *4 (C.D. Cal. June 10, 2009); Turner v. Wells Fargo Bank, No. C 05-1126, 2005 WL 1865421, at *3 (N.D. Cal. Aug. 5, 2005).

decline to exercise supplemental jurisdiction).

Judicial economy, fairness, convenience, and comity inform a court in deciding whether to decline to exercise supplemental jurisdiction. <u>Acri</u>, 114 F.3d at 1001. The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988).

The court can find no reason that this is not a usual case in which all federal claims are eliminated well in advance of trial. Comity weighs in favor of declining to exercise supplemental jurisdiction because the remaining claims in the Complaint and in Deutsche's unlawful detainer action are state law claims. The state court is competent to hear the case and may have a better understanding of the relevant state law.

As for judicial economy, this action is still in the early stages. Judicial economy does not weigh in favor of exercising supplemental jurisdiction. Lastly, convenience and fairness do not weigh in favor of exercising supplemental jurisdiction. The state and federal fora are equally convenient for the parties. There is no reason to doubt that the state court will provide an equally fair adjudication of the issues. Accordingly, the court declines to exercise supplemental jurisdiction and will remand this action to state court.
///

B. <u>Sanctions</u>

Plaintiff's attorney, Sharon Lapin, once again failed to comply with Local Rule 230(c). As she has done so many times before,[2] she ignored the local rule and neither filed an opposition to Deutsche's motion nor filed a statement of non-opposition. Despite Ms. Lapin's repeated promises to the court that she would avoid these problems in the future, her promises have been empty. Counsel's failure to comply with Local Rule 230(c) and timely file any response to Deutsche's motion to remand is inexcusable, and has inconvenienced the court by forcing it to nevertheless examine the motion on the merits. Sadly, it is the disgraceful conduct of few lawyers like this that tends to give the entire legal profession a bad name.

Local Rule 110 authorizes the court to impose sanctions for "[f]ailure of counsel or of a party to comply with these Rules." Obviously the court's previous sanctions, the most recent in the amount of $1,000 in this very case (Docket No. 21), have been insufficient to induce Ms. Lapin to comply with the Local Rules. Obviously, more drastic measures need to be taken.

---

[2] This is not just the first, the second, the third, the fourth, the fifth, the sixth, or even the seventh case this year in which Ms. Lapin has failed to make any effort whatsoever to comply with Local Rule 230(c). See <u>Schwartz v. IndyMac Fed. Bank</u>, No. 2:10-cv-00516 WBS JFM, 2010 WL 2985480 (E.D. Cal. July 27, 2010); <u>Inquez v. Bank of Am.</u>, No. 2:09-cv-02903 MCE EFB, 2010 U.S. Dist. LEXIS 18342 (E.D. Cal. Feb. 26, 2010); <u>Reyes v. IndyMac Fed. Bank</u>, No. 2:09-cv-03382 MCE KJM, 2010 U.S. Dist. LEXIS 18199 (E.D. Cal. Feb. 26, 2010); <u>Mejia v. Countrywide Home Loans</u>, No. CIV S-09-2346 LKK DAD, 2010 WL 715072 (E.D. Cal. Feb. 25, 2010); <u>Saldate v. Wilshire Credit Corp.</u>, 686 F. Supp. 2d 1051 (E.D. Cal. 2010); <u>Peay v. Midland Mortg. Co.</u>, No. CIV. 09-2228 WBS KJM, 2010 WL 476677 (E.D. Cal. Feb. 3, 2010); <u>McDowell v. Litton Loan Servicing</u>, No. 2:09-cv-02229 MCE DAD, 2010 WL 430852 (E.D. Cal. Feb. 1, 2010).

        IT IS THEREFORE ORDERED that the entire action herein be, and the same hereby is, REMANDED to the Superior Court of the State of California, in and for the County of Placer.

        IT IS FURTHER ORDERED that plaintiffs' counsel, Sharon L. Lapin, shall pay sanctions to the court in the sum of $2,000.00, payable to the Clerk of the Court. within ten days from the date of this Order, unless she shows good cause for her failure to comply with the Local Rules.  Counsel shall file an affidavit accompanying the payment of this sanction stating that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the clients or in any way made the responsibility of the clients as attorneys' fees or costs.

DATED:   December 14, 2010

                WILLIAM B. SHUBB
                UNITED STATES DISTRICT JUDGE